```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION at LEXINGTON
```

CRIMINAL ACTION NO. 16-CR-05-JMH

UNITED STATES OF AMERICA,                                  PLAINTIFF,

V.                      **MEMORANDUM OPINION**

JASON EDWARD MYERS,                                        DEFENDANT.

\*   \*   \*   \*   \*

The defendant raised multiple objections to the PSR. Those which were directed to him being characterized as an Armed Career Criminal were addressed and sustained prior to sentencing.

He also objected to Paragraph 13 of the PSR. He contended that the application of the enhancement for possessing a stolen-firearm, pursuant to USSG §2K2.1(b)(4)(A), and the enhancement for possessing a firearm in connection with another felony offense, pursuant to USSG §2K2.1(b)(6)(B), impermissibly double counted the same conduct – the fact that Myers possessed a stolen firearm. Therefore, he argued that his base offense level should be reduced by the four levels that were added from USSG §2K2.1(b)(6)(B), thereby making the base offense level 22. His argument was rejected at sentencing. This Memorandum Opinion will explain my reasons for doing so.

First, the defendant stole two firearms during a burglary. As a result, the offense conduct involved two stolen firearms, which provided the basis for the application of the two-level increase pursuant to USSG §2K2.1(b)(4)(A). The foundation for the application of USSG §2K2.1(b)(6)(B) is found in the defendant's sale of one of the firearms to another individual as set forth in Paragraph 5. Pursuant to USSG §2K2.1(b)(6)(B), there is a four-level increase if the defendant "used or possessed any firearm or ammunition in connection with another felony offense."

As a practical matter, in determining USSG §2K2.1(b)(6)(B) may be applied when §2K2.1(b)(4)(A) is applicable, the Court first turns to relevant Application Notes in its analysis. Application Note 14(B), USSG §2K2.1, provides the following:

> Subsections (b)(6)(B) and (c)(1) apply (i) in a case in which a defendant who, during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary...In these cases, application of subsections (b)(6)(B) and, if the firearm was cited in the offense of conviction, (c)(1) is warranted because the presence of the firearm has the potential of facilitating another felony offense or another offense, respectively.

Application Note 14(B) does not proscribe the application of the stolen firearm specific offense characteristic found in USSG §2K2.1(b)(4)(A) when (b)(6)(B) is applied.

Likewise, USSG §2K2.1, Application Note 8(A), specifically addresses the application of USSG §2K2.1(b)(4)(A). This Application Note does bar the application of the two-level increase for a stolen firearm when the underlying offense of conviction involves a stolen firearm or stolen ammunition. However, no other prohibition against the application of this enhancement is provided. Although the Guidelines regularly and explicitly prohibit double counting throughout its content, in this instance, the Sentencing Commission chose not to include any provision that would bar the application of USSG §2K2.1(b)(6)(B) when §2K2.1(b)(4)(A) is applicable.

The undersigned is also mindful that USSG §2K2.1, Application Note 14(A), provides that "Subsection (b)(6)(B) and (c)(1) apply if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense, respectively." Application Note 14(C) provides, "'another felony offense,' for purposes of subsection (b)(6)(B), means any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." There is no prohibition against the application of (b)(6)(b) where (b)(4)(A) is also applicable.

18 U.S.C. § 922(j) provides the following:

> "It shall be unlawful for any person to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm or stolen ammunition, or pledge or accept as security for a loan any stolen firearm or stolen ammunition, which is moving as, which is a part of, which constitutes, or which has been shipped or transported in, interstate or foreign commerce, either before or after it was stolen, knowing or having reasonable cause to believe that the firearm or ammunition was stolen."

Pursuant to 18 U.S.C. § 924(a)(2), the penalty for a violation of the above statute include imprisonment for not more than 10 years. This is a serious offense, and the Court concludes that the status of the weapons involved in this case as stolen and the subsequent sale of one of the firearms constitute separate harms. The Court agrees with the Probation Office's recommendation that the Court apply both the two-level increase, pursuant to USSG §2K2.1(b)(4)(A), and the four-level increase, pursuant to USSG §2K2.1(b)(6)(A) because, in the absence of any guidance to the contrary, the application of both subsections does not constitute double counting.

This the 16th day of August, 2016.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge