UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. |
| | ) | 5:16-cr-5-JMH-EBA-1 |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 5:18-cv-527-JMH-EBA |
| | ) | |
| JASON EDWARD MYERS | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*

This matter comes before the Court on Magistrate Judge Edward B. Atkins's Report and Recommendation [DE 104] recommending Defendant Jason Edward Myers's Motion to Vacate or Set Aside Judgment and Sentence Under 28 U.S.C. § 2255 [DE 73] be denied. Myers filed a timely Objection to the Report and Recommendation [DE 108], so his Motion [DE 73] is ripe for review by this Court.

Magistrate Judge Atkins recommends Myers's Motion [DE 73] be denied because he has failed to show his counsel was ineffective for allegedly (1) not informing him whether his prior Florida conviction for burglary was a qualifying predicate offense under the Armed Career Criminal Act, 18 U.S.C. § 924(e), and (2) failing to advise him of his option to enter an open plea to the one count indictment. [DE 73-1 at 2; DE 104 at 1]. It is further recommended that a certificate of appealability to the United States Court of Appeals for the Sixth Circuit be denied as well. [DE 104 at 3].

1

In this case, the record refutes Myers's claims of ineffective assistance of counsel presented in his Motion [DE 73]. Thus, Myers's petition for relief under § 2255 is **DENIED**, and the Court declines to issue a certificate of appealability.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 8, 2019, Defendant Myers was charged by federal indictment with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [DE 1]. During the criminal case, the United States and Myers, by and through court-appointed counsel Brandi N. Lewis, engaged in plea discussions. Due to his prior Florida burglary conviction, of particular concern to Myers was whether he qualified as an armed career criminal under 18 U.S.C. § 924(e)(1). If Myers were to fall under § 924(e)(1), he faced a minimum term of imprisonment of 15 years. However, if the armed career criminal statute did not apply, Myers would have a maximum sentence of 10 years.

As a result of those discussions, the United States offered Myers its first plea agreement. [DE 73-2]. On March 17, 2016, Myers received a letter discussing the proposed plea agreement, indicating that based on his criminal history, the sentencing guidelines would likely recommend a range of 57 to 71 months. [DE 98 at 8-9]. It was cautioned, however, that the Armed Career Criminal Act ("ACCA") may apply to Myers, resulting in a different guideline range, approximately 262 to 327 months. [*Id.*]. At the

evidentiary hearing, Myers confirmed that he was prepared to accept the plea agreement until he became aware that the ACCA may apply. [*Id.* at 9]. Myers testified to the following:

> **Q.** But you didn't enter a plea of guilty at that time
>
> **A.** No.
>
> **Q.** -correct?
>
> **A.** No. I tried to. I mean, that was my whole goal, is to go in there and plead guilty and – and – move on. And – then the armed career factor came up, and she [Lewis] tells me I'm looking at 262 months to 327 months.

[DE 98 at 12-13].

Following a re-arraignment hearing on April 11, 2016, the government withdrew the first plea agreement and offered a new plea agreement recommending a mandatory minimum of 180 months (15 years) under the ACCA, but reserving Myers's right to challenge the ACCA's application. [DE 98 at 13, 37-39]. Lewis later met with Myers, who further testified to the following in regards to a plea agreement involving the possible ACCA sentencing enhancement:

> **A.** I come back the next day, and there's another plea offer. Will I take an armed career? And I told her that, "No. I don't want to take the armed career." Because I didn't think I was eligible for it. And the next day, it goes from armed career to 15 years. "Will you take just 15 years, a binding plea?" And – and at this point I'm

3

losing – I'm losing all faith in – in -in anything she says, because she can't give me a direct answer on – on anything, you know.

**Q.** Well, what were you asking her to give you a direct answer on?

**A.** If I was armed career eligible at this point. Because I went from looking at 41 to what I thought was 71 months, which the paper here says 87 months at the high end to 262 to 327 months. That's a considerable amount of more years, do you know what I mean, to jeopardize my life, you know. And – and I said, "My kids will be grown by the time I get out."

[DE 98 at 13-14].

[...]

**A.** The only question of pleading guilty was at the first plea agreement, which I though was the 41 to 71 months. And the next was at the armed career, which the plea was withdrawn and she asked me if I want to plead guilty to the armed career.

**Q.** To the armed career?

**A.** Yes. And that's when she told me she didn't know. And I asked her to remove herself from my case. Because if she can't tell me if I'm armed career or what's my best

objective to do here, that I need her off my case because

I can't gamble with 327 months. I'm just…

[DE 98 at 14-16].

Due to questions surround the applicability of the ACCA, Myers asked Lewis to remove herself from the case. [DE 98 at 15-16, 30]. Counsel filed a motion to withdraw [DE 23], however the motion was denied. [DE 27]. Ultimately, Myers rejected the plea offer and proceeded to trial, losing the ability for a three-point sentence reduction for acceptance of responsibility. Following a jury trial in May 2016, the jury found Myers guilty. [DEs 33, 38, 46].

Following Myers's trial and prior to his sentencing, the United States Probation Office ("USPO") prepared the Presentence Investigation Report ("PSR"). [DE 50]. The PSR [DE 50] contained a summary of the facts of the case and provided the recommended sentence which included enhancements under the ACCA. However, Lewis filed objections and the United States eventually conceded that Myers's Florida burglary conviction was not considered a predicate offence under the ACCA. [DE 60]. Accordingly, on August 15, 2016 Myers was sentenced to 120 months imprisonment, followed by three years of supervised release. [DE 46].

Myers appealed his conviction to the Sixth Circuit, which was affirmed on August 30, 2017. [DE 64]. There is no evidence Myers petitioned for a writ of certiorari. On September 11, 2018, Myers, proceeding pro se, timely filed the present § 2255 Motion. [DE

73]. The United States responded to the motion shortly thereafter. [DE 78]. Following the United States response, Myers, through counsel, filed various motions pertaining to the disclosure materials relevant to attorney-client privilege. On August 26, 2019, an evidentiary hearing was held before Magistrate Judge Atkins. [DEs 93, 98]. On May 6, 2020, pursuant to 28 U.S.C. § 636(b)(1)(B), Magistrate Judge Atkins submitted a Report and Recommendation [DE 104] for the disposition of this matter. On June 1, 2020, Myers, through counsel, filed a timely Objection to the Report and Recommendation [DE 108].

In addition to the motion to vacate [DE 73], Myers also filed a "Motion for Appeal" [DE 105], and a motion to remove his attorney [DE 109]. A motion to expedite this matter was then filed on December 11, 2020. [DE 111]. These motions remain pending before this Court and are likewise ripe for review.

## II. STANDARD OF REVIEW

Generally, a prisoner has a statutory right to collaterally attack his conviction or sentence. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) ("[B]oth the right to appeal and the right to seek post-conviction relief are statutory rights that may be waived if the waiver is knowingly, intelligently, and voluntarily made."). For a petitioner to prevail on a 28 U.S.C. § 2255 claim, he must show that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by

6

law nor open to collateral attack, or otherwise must show that there was "a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255.

Put another way, "[t]o prevail on a motion under § 2255, a [petitioner] must prove '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Goward v. United States*, 569 F. App'x 408, 412 (6th Cir. 2014) (quoting *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012)). The petitioner must sustain these allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (unpublished) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence."); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). If the petitioner alleges a constitutional error, he must establish by a preponderance of the evidence that the error "had a substantial and injurious effect or influence on the proceedings." *Watson*, 165 F.3d at 488 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993); *Pough*, 442 F.3d at 964. Alternately, if he alleges a non-constitutional error, he must establish "a fundamental defect which inherently results in a complete miscarriage of justice . . . an error so egregious that

it amounts to a violation of due process." *Watson*, 165 F.3d at 488 (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990).

A petitioner may object to a magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(2). If the petitioner objects, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Carson v. Hudson*, 421 F. App'x 560, 563 (6th Cir. 2011) (quoting *Souter v. Jones*, 395 F.3d 577, 585–86 (6th Cir. 2005).

## III. DISCUSSION

Myers's objections to the Report and Recommendation [DE 104] expand on the arguments used to support his § 2255 petition. *See* [DE 108]. The Court, having reviewed the record, Myers's Motion [DE 73], Magistrate Judge Atkins's Report and Recommendation [DE 104]m and Myers's Objection [DE 108], finds Myers's claims do not rise to the level of proof required to demonstrate a constitutional violation of the magnitude required by 28 U.S.C. § 2255. Further, this Court declines to issue a certificate of appealability in this case.

## A. INEFFECTIVE ASSISTANCE OF COUNSEL

To prevail on an ineffective assistance of counsel claim under § 2255, the petitioner must prove both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, he must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. In applying this test, reviewing courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance . . ." *Id.* Second, the petitioner must establish prejudice, by showing there is a reasonable probability that but for counsel's unprofessional errors, the result of his proceedings would have been different. *Id.* at 694–95. Notably, "[w]hen deciding ineffective-assistance claims, courts need not address both components of the [deficient performance and prejudice] inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Strickland*, 466 U.S. at 697.

Courts have "declined to articulate specific guidelines for appropriate attorney conduct and instead have emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (alterations in *Wiggins*). Still, a court's review of this prong includes a "strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Petitioner carries the burden of establishing that "'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687).

Meeting "*Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). The standard "must be applied with scrupulous care, lest 'intrusive post-trial inquiry' threaten the integrity of the very adversary process the right to counsel is meant to serve." *Harrington*, 562 U.S. at 105. "Even under *de novo* review, the standard for judging counsel's representation is a most deferential one" because "[u]nlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Id.*

## 1. COUNSEL'S ALLEGED FAILURE TO STATE WHETHER THE ACCA APPLIED

Myers alleges his counsel was ineffective because she could not inform him whether or not his prior Florida conviction for burglary was a qualifying predicate offense under the Armed Career Criminal Act, 18 U.S.C. § 924(e). [DE 73-1 at 2]. Ultimately, Magistrate Judge Atkins found that Myers's contention on this issue fails, given the developing status of the ACCA at the time. [DE 104 at 8-16]. Moreover, although Myers objects to part of the

Magistrate Judge's Recommendation, he does not make any challenges on this issue. Nevertheless, the Court agrees that Myers does not meet the burden of proof to demonstrate ineffective assistance of counsel on this issue.

Myers relies on *Sawaf v. United States*, 570 F. App'x 544 (6th Cir. 2014), contending that his counsel's performance at the pre-trial stage of the proceedings results in a presumption of prejudice. In *Sawaf*, counsel failed to advise his client about the applicable sentencing guidelines prior to trial in an "objectively unreasonable and constitutionally ineffective assistance of counsel at the pre-trial stage of the proceedings." *Id.* at 546 (citing *Smith v. United States*, 348 F.3d 545, 552-53 (6th Cir. 2003)). The Sixth Circuit explained the presumption further:

> The applicable presumption means that the district court should have started its analysis by assuming that Sawaf had been prejudiced with regard to the plea negotiations, and then asked whether there was evidence to rebut that presumption. Instead, the district court determined that Sawaf's claim that he would have entered a guilty plea if adequately informed was not credible, given Sawaf's continued insistence that he was innocent, prior to and during the trial, after the trial, and even during the evidentiary hearing, and effectively declined to credit Sawaf with the applicable presumption of prejudice.

*Id.* at 548. Thus, where a claim of ineffective assistance of counsel arises from the plea-bargaining stage of criminal proceedings, the second part of the *Strickland* analysis, or the prejudice prong, "focuses on whether counsel's constitutionally

ineffective performance affected the outcome of the plea process." *Sawaf*, 570 F. App'x at 547. However, following a review of the record and the law at the time of Myers's plea negotiations, the Court finds Myers's argument unavailing.

Under the Armed Career Criminal Act, "a defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for serious drug offenses or violent felonies must receive a fifteen-year mandatory minimum sentence." *United States v. Mitchell*, 7443 F.3d 1054, 1058 (6th Cir. 2014) (citing *United States v. Johnson*, 707 F.3d 655, 658 (6th Cir. 2013)). At the time of Myers's charges, as Magistrate Judge Atkins states, whether a prior conviction for burglary fell within the definition of a predicate offense under the ACCA was subject to developing law and review by the sentencing judge. [DE 104 at 10].

In *Taylor v. United States*, the U.S. Supreme Court found that "an offense constitutes 'burglary' for purposes of § 924(e) sentence enhancement if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." 495 U.S. 575, 602 (1990). Several years later in *Shepard v. United States*, the Supreme Court further addressed which documents courts were to consider when determining whether a prior burglary conviction met the elements of the generic offense. 544

12

U.S. 13 (2005). Specifically, the Court held that limited documents which may be used to consider the applicability of the ACCA include "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard*, 544 U.S. at 26.

Here, as Magistrate Judge Atkins notes, in order to determine whether Myers's conviction for "Burglary of Structure" in Florida counted as a predicate offense under the ACCA, the Court would be required to consider whether the elements under Florida law matched the elements of the generic crime of burglary. [DE 104 at 12]. In *United States v. Weeks*, the Eleventh Circuit considered Florida's burglary statute as it related to the ACCA:

> Although Florida's burglary statute facially encompasses both generic and non-generic burglaries, a conviction under the statute can still qualify as a generic burglary if the charging documents or other *Shepard*-approved sources show that the offense involved unlawful entry into a building or structure. *See United States v. Matthews*, 466 F.3d 1271, 1274-75 (11th Cir. 2006); *see also United States v. Rainer*, 616 F.3d 1212, 1215 (11th Cir. 2010) (explaining that "a conviction under a non-generic burglary statute" still qualifies as a violent felony under the ACCA's enumerated-offenses clause "if the indictment shows that the defendant was charged only with a burglary of a building). Because the charging documents show that Weeks was charged with unlawfully entering into three separate buildings with intent to commit a crime, his convictions qualify as generic burglaries under the ACCA's enumerated-offenses clause…

*Id.* at 1262-63. Accordingly, at the time of plea negotiations and trial, as Myers concedes, both the United States and counsel for Myers believed that his prior conviction was or was possibly a predicate offense under the ACCA. [DE 104 at 13; DE 108 at 2]. In fact, the record demonstrates that Lewis did explain the possible sentencing ranges that Myers faced and explained how the law was evolving. [DE 98 at 14-16, 27-28]. By Myers's own testimony at the evidentiary hearing, Lewis advised him that a final determination on the ACCA's applicability was "'up to the Judge.'" [DE 98 at 14]. Accordingly, given Court's responsibility to make the final determination, neither party could say with absolute certainty whether Myers would receive a sentencing enhancement.

Following Myers's conviction, but prior to sentencing, the U.S. Supreme Court further modified the ACCA's predicate offense analysis. Specifically, in *Mathis v. United States*, the Court held that the ACCA does not permit a court to examine documents listed in *Shepard* "when a defendant is convicted under a statute that lists multiple, alternative means of satisfying one (or more) of its elements. 136 S.Ct. 2243, 2248 (2016). As a result, when determining whether the prior burglary conviction counted as a predicate offense under the ACCA, this Court would look only to the statutory elements of the offense, rather than the particular facts underlying the conviction. At sentencing, the decision in

14

*Mathis* led the United States to ultimately concede that Myers's prior conviction was not subject to the ACCA. [DE 60 at 2].

Given the evolving interpretations of the ACCA and Court's responsibility to make an ultimate determination, counsel could not, nor was required to provide a definitive answer as to whether Myers's prior conviction would subject him to any sentencing enhancements with absolute certainty. The Sixth Circuit has held that "nonegregious errors such as failure to perceive or anticipate a change in the law . . . generally cannot be considered ineffective assistance of counsel." *Alcorn v. Smith*, 781 F.2d 58, 62 (6th Cir. 1986); *see also United States v. Harms*, 371 F.3d 1208, 1212 (10th Cir. 2004) ("The Sixth Amendment does not require counsel for a criminal defendant to be clairvoyant."). Here, the record and status of the law rebuts any presumption of counsel's alleged deficient performance, even if applicable. Thus, Myers's ineffective assistance of counsel claim on this issue fails.

## 2. COUNSEL'S ALLEGED FAILURE TO ADVISE OF OPTION FOR OPEN PLEA

Myers further contends that his counsel failed to inform him of the option to enter an open plea to the indictment. [DE 73-1 at 10]. Although both parties conceded no open plea had been discussed, even assuming deficient performance, Magistrate Judge Atkins found that Myers cannot satisfy the prejudice prong of *Strickland*. Following a review of the record and consideration of Myers's objection, the Court agrees with Magistrate Judge Atkins.

15

The decision to plead guilty rests with the defendant. *Smith v. United States*, 348 F.3d 545, 552 (6th Cir. 2003). Counsel does, however, have an absolute obligation to "fully inform her client of the available options." *Id.* at 552. Failing to do so can violate a defendant's right to effective assistance of counsel. *Id.* A defendant must do more than state that he or she would have gone to trial if counsel gave different advice. *Shimel v. Warren*, 838 F.3d 685, 698 (6th Cir. 2016); *see also Moore v. United States*, 676 F. App'x 383, 385-86 (6th Cir. 2017). "If a plea bargain is offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Lafler v. Cooper*, 566 U.S. 156, 162-68 (2012). For a defendant to establish that the ineffective assistance of counsel led him to reject a plea agreement and proceed to trial, he must show that:

> but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* at 164; *see also Magana v. Hofbauer,* 263 F.3d 542, 547-48 (6th Cir. 2001). The prejudice prong is presumptively satisfied "if counsel failed to provide the defendant with an estimated range of the penalties that could result from a trial conviction" and "the

difference between the length of the sentence proposed in the Government's plea offer and the sentence imposed after a trial conviction was substantial." *Sawaf v. United States*, 570 F. App'x 544, 547 (6th Cir. 2014) (citing *United States v. Morris,* 470 F.3d 596, 602 (6th Cir. 2006), *Griffin v. United States,* 330 F.3d 733, 737 (6th Cir. 2003)). Finally, when a defendant alleges ineffective assistance of counsel in plea negotiations, the representations of the Parties and findings made by the judge constitute a barrier to relief in later proceedings attacking it. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). There is a "strong presumption of verity" of statements made under oath during the acceptance of a plea bargain. *Id.* at 74.

As noted, Magistrate Judge Atkins found that "the record reflects that the government, and Lewis, both concede that Myers was not offered an open plea." [DE 104 at 16]. Nevertheless, even assuming Lewis provided deficient performance, Magistrate Judge Atkins explained that Myers cannot sufficiently demonstrate that the prejudice prong of *Strickland* is satisfied. [*Id.*]. Specifically, Magistrate Judge Atkins found that "[t]he evidentiary hearing proved that Myers would not have even considered, let alone accept, an open plea offer since the possibility of a 15 year to life sentence was on the table." [*Id.*]. Myers objects to this, suggesting that the fact that an open plea was never discussed is sufficient alone to support a claim of

17

ineffective assistance of counsel. [DE 108 at 3-4]. "Since an open plea to the Indictment was never discussed," Myers maintains that "it is mere speculation on the Magistrate's part as to whether Myers would or would not have accepted an open plea." [*Id.* at 4].

Although Myers indicated that he was interested in taking a plea, once he became aware of the possible ACCA sentencing enhancement, the record clearly supports a conclusion that he would not accept such a plea. Throughout the evidentiary hearing Myers expressed his disillusionment with accepting any plea that did not guarantee that the ACCA did not apply. [DE 98 at 12-16]. Counsel repeatedly consulted with Myers on issues regarding sentencing options and developments concerning the application of the ACCA. [*Id.*]. As Magistrate Judge Atkins points out, Myers was aware that the government believed the ACCA applied and knew going to trial would likely result in the same guideline range. [DE 104 at 16]. Knowing these possible outcomes, Myers elected to forgo a reduction for acceptance of responsibility and continued to trial. Accordingly, the Court agrees with Magistrate Judge Atkins that Myers fails to establish ineffective assistance of counsel on this issue as well.

## B. CERTIFICATE OF APPEALABILITY

"[A] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing

18

for constitutional claims rejected on the merits, a defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). The "question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Miller-El*, 537 U.S. at 342. For claims denied on procedural grounds, a certificate appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In the present case, the Court finds that reasonable jurists would not debate the denial of Myers's Motion [DE 73]. Thus, the Court will not issue a certificate of appealability in this matter.

## C. MISCELLNEOUS MOTIONS

As a final matter, Myers has filed several other motions that remain pending before this Court. Following Magistrate Judge Atkins's Report and Recommendation [DE 104], Myers filed a Motion to Appeal [DE 105]. However, because the Magistrate Judge's report does not serve as a final ruling on Myers's § 2255 motion, his Motion to Appeal [DE 105] will be denied.

Myers has also filed a motion to remove his current counsel of record, C. William Swinford, Jr. [DE 109]. As grounds, Myers essentially expresses his frustration with the process of obtaining a final ruling on his Motion to Vacate [DE 73]. However, his counsel cannot be held accountable for delays in the Court's ability to consider his pending motions. For this reason, his motion [DE 109] will be denied.

In addition, having considered Myers's motion to vacate [DE 73], the Court will also deny as moot his Motion to Expedite [DE 111].

### IV. CONCLUSION

In the instant case, Myers's Motion [DE 73] fails to demonstrate that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). Because "it plainly appears . . . that the moving party is not entitled to relief, the [Court] must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4.

Accordingly, **IT IS ORDERED** as follows:

(1) Defendant Jason Edward Myers's Motion to Vacate or Set Aside Judgment and Sentence Under 28 U.S.C. § 2255 [DE 73] is **DENIED**;

(2) Myers's request for a certificate of appealability is **DENIED**;

20

(3) This action is **DISMISSED** and **STRICKEN** from the Court's active docket;

(4) Judgment **SHALL** be entered contemporaneously with the Memorandum Opinion and Order;

(5) Defendant Myers's Motion for Appeal [DE 105] is **DENIED**;

(6) Defendant Myers's Motion to Remove Attorney [DE 109] is **DENIED**; and

(7) Defendant Myers's Motion to Expedite [DE 111] is **DENIED**.

This 22nd day of March, 2021.



Signed By:

_Joseph M. Hood_

Senior U.S. District Judge